IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN WENDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-2450-N |
| | § | |
| STATE FARM LLOYDS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff Jonathan Wender's motion to remand [7]. The Court holds that it lacks subject matter jurisdiction over this action and Defendant State Farm Lloyds ("State Farm") improperly removed the case under 28 U.S.C. § 1441(b). The Court therefore grants Wender's motion and remands this case to the 193rd Judicial District Court in Dallas County, Texas.

**I. ORIGINS OF THE MOTION**

This case arises out of an insurance claim Wender submitted to State Farm under a homeowner's insurance policy. Pl.'s Mot. Br. 2 [8]. Mary Ann Hadden, a licensed insurance adjuster, filed and investigated Wender's claim. Pl.'s Orig. Pet. 1 [1-3]. Wender originally filed suit in state court against State Farm and Hadden. *Id.* Wender asserted claims against both for breach of contract, fraud, unfair settlement practices, breach of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices/Consumer Protection Act ("DTPA"). *Id.* at 10–15. State Farm

MEMORANDUM OPINION & ORDER – PAGE 1

then timely removed the case to this Court based on diversity of citizenship, alleging that Hadden's citizenship should be disregarded because she was improperly joined as a party in this case. Defs.' Notice Removal 1 [1]. Wender subsequently filed this motion to remand, arguing that because Hadden, a nondiverse defendant, is properly joined, the Court lacks subject matter jurisdiction over this action. Pl.'s Mot. Br. 1.

## II. STANDARD FOR IMPROPER JOINDER

A defendant may remove a state court action to federal court if he establishes the federal court's original jurisdiction over the action. 28 U.S.C. § 1441(a); *see also Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998), *overruled on other grounds by Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) ("[I]t is the defendant's burden to establish the existence of federal jurisdiction over the controversy."). Thus, to remove a case, a defendant must show that the action either arises under federal law or satisfies the requirements of diversity. 28 U.S.C. § 1441(b). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). A district court must remand a case if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

As a general matter, a federal court must remand a removed case where, as here, one of the defendants "is a citizen of the State in which [the] action is brought," thereby destroying diversity. *Id.* at § 1441(b). Such a case may remain in federal court, however,

MEMORANDUM OPINION & ORDER – PAGE 2

if the defendant shows the plaintiff improperly joined the nondiverse party to defeat diversity jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleadings of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Where the defendant alleges the latter, he must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

In determining whether a plaintiff has a reasonable basis of recovery, the Court conducts a rule 12(b)(6)–type analysis to determine whether the plaintiff has failed to state a claim against the nondiverse defendant under state law. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (citing *Smallwood*, 385 F.3d at 573). The Fifth Circuit has held that the federal pleading standard, rather than the state pleading standard, applies when conducting a rule 12(b)(6)–type analysis in the improper joinder context. *Id.* at 208. But the focus of the inquiry remains on the joinder, not the merits of the plaintiff's case. *Id.* at 200.

### III. Defendant Hadden is Properly Joined

#### A. Insurance Adjusters Are Independently Liable Under the Texas Insurance Code.

Wender alleges Hadden violated, among other provisions, section 541.060(a) of the Texas Insurance Code by engaging in unfair settlement practices. "Chapter 541 of the Texas Insurance Code authorizes actions against insurance adjusters in their individual capacities." *Arana v. Allstate Tex. Lloyds*, 2013 WL 2149589, at *5 (N.D. Tex. 2013)

MEMORANDUM OPINION & ORDER – PAGE 3

(citing *Warren v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 4133377, at *3 (N.D. Tex. 2008) (citing *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007))). "[A]n insurance adjuster may be held personally liable for engaging in unfair business practices under Tex. Ins. Code § 541.060(2), because the adjuster has the ability to effect or bring about the settlement of a claim." *Arrow Bolt & Elec., Inc. v. Landmark Am. Ins. Co.*, 2017 WL 4548319, at *3 (N.D. Tex. 2017). The Texas Supreme Court has expressly stated that plaintiffs may bring independent causes of action under Chapter 541 against insurance company employees, provided that the employee is "engaged in the business of insurance" and is not a clerical worker without "insurance expertise." *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998). The Fifth Circuit has interpreted the Texas Insurance Code, as expounded by *Liberty Mutual*, to authorize actions against insurance adjusters like Hadden. *Gasch*, 491 F.3d at 282 (determining adjusters are "engage[d] in the business of insurance" and "may be held individually liable" for insurance code violations) (quoting *Liberty Mutual*, 966 S.W.2d at 486). Neither of these cases require that an adjuster's insurance code violation cause injury and damages separate from those alleged against an insurance company. Therefore, Defendants' arguments that Plaintiff was required to "demonstrate[] that Hadden took any action independent of her role as an agent of State Farm" is unavailing. Defs.' Resp. ¶8 [17].

### B. Plaintiff Has Stated a Chapter 541 Claim Against Hadden.

The Court determines that Wender has adequately pled an insurance code claim against Hadden under federal pleading standards. Among other claims, Wender has

MEMORANDUM OPINION & ORDER – PAGE 4

alleged a claim for failing to "attempt in good faith to effectuate a prompt, fair, and equitable settlement" and "to promptly provide . . . a reasonable explanation . . . for the insurer's denial of a claim." TEX. INS. CODE § 541.061(a). Specifically, Wender alleges that Hadden misrepresented the cause of the damage in an attempt to remove it from the category of "covered occurrence" under the policy, and that Hadden failed to offer adequate compensation "without any explanation why full payment was not being made." Pl.'s Orig. Pet. 6–8. In contrast to the $90,856.32 State Farm paid Wender, he alleges that his independent adjuster estimated the repair at $271,419.39. *Id.* at 5, 8. Wender pleads that Hadden failed "to consider all of the evidence of damage and the scope of necessary repairs/replacement . . . [d]espite many attempts by Mr. Wender and his public adjuster" to present evidence of the full costs. *Id.* at 6. Wender also asserts that Hadden represented that portions of the claim were the result of "water damage that was not accidental" and "caused by deterioration." Pl.'s Am. Compl. ¶ 24 [10].[1] Plaintiff claims that this representation was knowingly false because Hadden was aware that all the damage reported was the result of the same renovation project. *Id.* Additionally, Wender alleges

---

[1] Defendants argue that the Court may not look at the amended complaint because it must determine whether joinder was improper at the time of removal. Defs.' Resp. ¶7. For this proposition, it cites *Advanced Indicator and Manufacturing, Inc. v. Acadia Insurance Co.*, 50 F.4th 469, 474 (5th Cir. 2022). That case looks at whether the voluntary-involuntary rule bars removability in circumstances where action by the defendant or court made the case subsequently removable. *Id.* However, that case explicitly acknowledges, and does not purport to change, the Fifth Circuit's previous statement that "when a plaintiff 'has misstated or omitted discrete facts that would determine the propriety of joinder' then 'the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry'" while conducting its Rule 12(b)(6)–type analysis. *Id.* at 473 (quoting *Smallwood*, 385 F.3d at 573). The Court, therefore, need not conduct its analysis based solely on the facts in the original pleadings.

MEMORANDUM OPINION & ORDER – PAGE 5

that Hadden opened three separate claims for the damage, rather than a single claim as Wender initially filed, in order to reduce State Farm's liability and charge multiple deductibles. *Id.* ¶ 10.

This is adequate to state a Chapter 541 claim. *See Arrow Bolt & Elec., Inc.*, 2017 WL 4548319, at *2; *Exch. Servs., Inc. v. Seneca Ins. Co.*, 2015 WL 6163383, at *5–6 (N.D. Tex. 2015). The Court finds that State Farm has not met its heavy burden of establishing that Wender improperly joined Hadden. State Farm has not demonstrated "that there is no possibility of recovery" by Wender against Hadden. *See Smallwood*, 385 F.3d at 573. Stated differently, this Court finds that there is a "reasonable basis . . . to predict that [Wender] might be able to recover against [Hadden]." *Id.*

Evaluation of Wender's other claims is unnecessary, because "the existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F. 3d 400, 412 (5th Cir. 2004) (citations omitted). Therefore, the Court finds that Hadden was properly joined because Wender has stated a valid claim against her on at least one cause of action.

## CONCLUSION

Because Hadden was not improperly joined, this Court lacks subject matter jurisdiction over this case. Thus, the Court grants Wender's motion and remands this case to the 193rd Judicial District Court in Dallas County, Texas.

Signed January 13, 2025.

                                                       David C. Godbey
                                        Chief United States District Judge